IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES MILLER, CHARLES STAFFORD, DEQUAN RHODES individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEBANON GOLF & COUNTRY CLUB,<br><br>Defendant. | Judge Nixon<br><br>Magistrate Judge Griffin<br><br>No.: 3:14-cv-01099<br><br>JURY DEMANDED |

## AGREED CASE MANAGEMENT ORDER # 1

Pursuant to Federal Rule of Civil Procedure 26(f) and the Local Rules for the United States District Court for the Middle District of Tennessee, counsel for both parties have conferred and hereby submit the following proposed Case Management Order.

**1. JURISDICTION:** Defendant disputes that this Court has subject matter jurisdiction. Plaintiff contends that this Court has subject matter jurisdiction pursuant to the FLSA of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Were the Court to find that it has subject matter jurisdiction over the parties, the parties agree that it would also have personal jurisdiction over Plaintiffs and Defendant.

## 2. THEORIES OF THE PARTIES:

**(a)** **Plaintiffs' Theory:** Plaintiffs believe and assert that Defendant intentionally failed to pay Plaintiffs and other similarly situated employees overtime and minimum wages under the Fair Labor Standards Act. Plaintiffs contend that Defendant's failure was willful.

This action has been filed seeking collective action certification on behalf of all non-exempt employees of Defendant who were denied proper compensation for three (3) years prior to the filing of the Complaint. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) with regard to the Plaintiffs' claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the Fair Labor Standards Act.

**(b)** **Defendants' Theory:** Plaintiffs' have yet to request collective action certification in this action or notice authorization. They have also failed to make a modest factual showing sufficient to demonstrate that Plaintiffs and potential plaintiffs were victims of a common policy or plan that violated the law, or that they were in "similarly situated."

Defendant admits that Plaintiffs worked more than forty hours in a week on more than one occasion during their term of employment. However, Defendant disputes all allegations that it intentionally or knowingly failed to pay proper wages to Plaintiffs or any similarly situated employees. Any alleged acts or omissions in this regard were in good faith.

Defendant also disputes this Court's subject matter jurisdiction over this action pursuant to 29 U.S.C. §207. Plaintiffs have failed to plead and may not be able to prove any facts supporting Plaintiffs' required engagement in interstate commerce. Defendant has asserted a number of affirmative defenses in its Answer including Plaintiffs' failure to state a claim under the Fair Labor Standards Act or for unjust enrichment. Also, Plaintiffs unreasonably delayed their claims and should thus be barred from asserting all claims.

**3.    ISSUES RESOLVED:**

None.

**4.    ISSUES STILL IN DISPUTE:** Subject matter jurisdiction is in dispute due to Plaintiffs' failure to show their engagement in interstate commerce. Liability and damages of all claims, as well as class certification, remain in dispute. Whether the Defendant violated the Fair Labor Standards Act and whether this case is properly maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b), as well as the extent and amount of damages sought by Plaintiffs and others similarly situated in this matter. Defendant also disputes all unjust enrichment claims and any liability and damages arising therefrom.

**5.    NEED FOR OTHER CLAIMS OR SPECIAL ISSUES:**

**Third-Party:** Upon further discovery, it may be necessary for Defendant to seek this Court's leave to file a third-party complaint.

**Class Certification**: Plaintiffs will file a Motion to Conditionally Certify the class on or before **September 5, 2014**. Defendants shall file its Response to Plaintiff's Motion no more than thirty (30) days thereafter. Plaintiff may file a Reply on or before fourteen (14) days after Defendant files its Response.

**6.    PREDISCOVERY DISCLOSURES:** The parties will exchange, by **June 30, 2014**, the information required by Federal Rule of Civil Procedure 26(a)(1).

**6.    DISCOVERY PLAN:** The parties jointly propose to the Court the following discovery plan:

   **(a)    Completing All Discovery:** Should the Court deny Plaintiff's Motion to Conditionally Certify the case, the parties shall complete all written discovery and depositions on

or before **March 5, 2015**. The Court will establish a new discovery deadline sufficient to allow class discovery should it grant Plaintiff's Motion to Conditionally Certify the case.

Document requests, interrogatories and requests for admission shall be served sufficiently in advance of the discovery cutoff in order to allow time for responses and resolution of any discovery disputes prior to the expiration of the discovery deadline.

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. Counsel requesting the conference shall coordinate scheduling the telephone conference with opposing counsel and the Court.

    **(b)**     **Expert Disclosure (Rule 26):**

        **(i)**     Plaintiff's Rule 26(a)(2) expert witness disclosures and reports shall be served by **January 5, 2015.**

        **(ii)**     Defendant's Rule 26(a)(2) expert witness disclosures and reports shall be served by **February 3, 2015.**

        **(iii)**     Plaintiff's Rebuttal Expert Disclosures and reports shall be served by **February 17, 2015.**

**7.**     **MOTIONS:**

    **(a)**     **Joining Parties:**

        **(i)**     Plaintiff: **August 15, 2014**

        **(ii)**     Defendant: **September 15, 2014.**

    **(b)**     **Deadline for Filing Motions to Amend the Pleadings:**

        **(i)**     Plaintiff: **March 16, 2015.**

        **(ii)**     Defendant: **March 30, 2015.**

    **(c)**     **Dispositive Motions:** Should the Court deny Plaintiff's Motion to Conditionally Certify the case, the deadline for filing dispositive motions is **April 3, 2015.** Responses to

dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

Should the Court grant Plaintiff's Motion to Conditionally Certify the case, the Court will establish a new dispositive motion deadline, as well as a deadline by which Defendant must move for decertification of any class(es) established by the Court.

**8. OTHER ITEMS:**

**(a)** **Mediation.** The parties have not reached an agreement with regard to mediaton.

**(b)** **Subsequent Case Management Conferences.** A follow-up case management conference should be scheduled by the parties with Magistrate Judge Griffin's office approximately one month before the close of discovery.

**9. TARGETED TRIAL DATE:** This action is scheduled for trial on **October 20, 2015**. The parties anticipate that the trial will last 3 days.

_____
MAGISTRATE JUDGE GRIFFIN

Submitted for Entry:

**GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC**

_s/Michael L. Russell_
Michael L. Russell (#20268)
5409 Maryland Way, Suite 150
Brentwood, TN 37027
Telephone: (615) 354-1144
mrussell@gilbertfirm.com

*and*

**CRONE & MCEVOY, PLC**

ALAN CRONE (14285)
5583 Murray Rd., Suite 120
Memphis, TN 38119
Telephone: (901) 737-7740
Facsimile: (901) 737-7558
Email: acrone@thecmfirm.com

*ATTORNEYS FOR PLAINTIFFS*
*AND THOSE SIMILARLY SITUATED*

**CLEMMONS & CLEMONS, PLLC**

_s/John Ray Clemmons w/permission_
John Ray Clemmons (#25907)
J. Michael Clemons (#24362)
211 Union Street, Ste. 102
Nashville, Tennessee 37201
Phone: (615) 823-1201
Facsimile: (615) 823-1194
johnray@clemlawfirm.com
michael@clemlawfirm.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of this Proposed Agreed Case Management Order has been mailed electronically via the Court's electronic filing system, to the following on this the 9th day of June, 2014:

John Ray Clemmons
J. Michael Clemons
211 Union Street, Ste. 102
Nashville, Tennessee 37201

                                              s/Michael L. Russell