IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES MILLER; CHARLES )
STAFFORD; DEQUAN RHODES, )
individually and on behalf of others ) No. 3-14-1099
similarly situated )
 )
v. )
 )
LEBANON GOLF & COUNTRY CLUB )

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' proposed agreed case management order, with one modification addressed at the initial case management conference held on June 16, 2014. That modification and other matters addressed on June 16, 2014, are as follows:

1. Although the contemporaneously entered order provides a September 15, 2014, deadline for the defendant to file motions to join parties, defendant's counsel represented that he will need to engage in discovery before determining whether or not to add the management company as a third party defendant.

Therefore, the deadlines for the defendant to move to add the management company as a third-party defendant is January 9, 2015.

2. All written discovery, including requests for production of documents, interrogatories and requests for admission, shall be propounded no later than January 30, 2015.

3. Any discovery motion shall be filed by March 12, 2015. Alternatively, counsel for the parties shall, by March 12, 2015, at least schedule a telephone conference call with the Court to address any discovery issues or disputes.

4. The plaintiff shall have until March 16, 2015, to file any motion to amend the pleadings, other than to add additional parties.

5. Counsel for the parties shall convene a telephone conference call with the Court on **Wednesday, February 4, 2015, at 10:00 a.m.,** to be initiated by plaintiff's counsel, to address the status of discovery, the potential for settlement, propriety of ADR, and any other appropriate matters.

As provided in the contemporaneously entered order, any dispositive motion shall be filed by April 3, 2015. Any response shall be filed within 28 days of the filing of the motion or by May 1, 2015, if the motion if filed on April 3, 2015. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by May 15, 2015, if the response is filed on May 1, 2015.

No other filings in support of or in opposition to any dispositive motion shall be made after May 15, 2015, except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the March 5, 2015, deadline for completion of fact discovery even if a dispositive motion is filed prior thereto.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, October 20, 2015, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties anticipate that the trial will last 2-3 days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, October 16, 2015, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, October 9, 2015, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By September 11, 2015, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By September 21, 2015, the parties shall file any motions in limine, any Daubert motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any Daubert motions and/or motions relating to expert testimony and any responses to objections to deposition testimony and proposed exhibits shall be filed by October 2, 2015.

By October 2, 2015, the parties shall also:

1. File a proposed joint pretrial order, which shall include:
    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;
    (b) a short summary of the plaintiffs' theory (no more than one page);
    (c) a short summary of the defendant's theory (no more than one page);
    (d) a succinct statement of the relief sought;
    (e) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;
    (f) Any special trial procedural issues;
    (g) A summary of any anticipated evidentiary issues;
    (h) A statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and
    (i) The estimated length of the trial.
2. File pretrial briefs, including:
    (a) a concise statement of the facts;
    (b) a concise statement of the issues;
    (c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

      (d)      those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

      (e)      what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[1] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[2]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[2] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.